## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MARYAM A. MILLER,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | |
| | ) | **1:09-CV-2119-JEC** |
| **WELLS FARGO BANK, NA,** | ) | |
| | ) | |
| **Appellee.** | ) | |
| _____ | ) | |

## BRIEF OF APPELLEE WELLS FARGO BANK, N.A.

Attorneys for Appellee
Wells Fargo Bank, N.A.
MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
(678) 281-6475 (phone)
(866) 800-8734 (fax)
lzg@mccallaraymer.com (email)

# TABLE OF CONTENTS

Statement of Jurisdiction…………………………………….4

Statement of Issues on Appeal……………………………4

Standard of Review……………………………………….5

Statement of Facts Supported by Relevant Facts…………5

Argument and Citation of Authority……………………..11

Conclusion…………………………………………………..20

Font Certification…………………………………………22

Certificate of Service…………………………………..23

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **MARYAM A. MILLER,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | |
| | ) | **1:09-CV-2119-JEC** |
| **WELLS FARGO BANK, NA,** | ) | |
| | ) | |
| **Appellee.** | ) | |
| _____ | ) | |

## BRIEF OF APPELLEE WELLS FARGO BANK, N.A.

COMES NOW, WELLS FARGO BANK, N.A., Appellee herein ("Wells Fargo Bank" or "Appellee"), by and through its undersigned counsel, and hereby files its Brief (the "Appellee's Brief") in opposition to "Motion for Extension of Time to Properly Prepare and Amend Attached Brief to Reverse Lift of Stay" (Docket No. 3, Case No. 1:09-CV-2066-JEC) ("Appellant's Motion to Extend"); "Motion for Extension of Time to Properly Prepare and Amend Attached Brief for Reconsideration of Reverting Chapter 13 to Chapter 7" (Docket No. 4, Case No. 1:09-CV-2066-JEC) ("Appellant's Second Motion to Extend"); and "Notice of Filing of Supplements to August 26, 2009 Filing: Appellants Motion for Extension of Time to Properly Prepare and Amend Attached Brief to Reverse Lift of Stay"

- 3 -

(Docket No. 4, 1:09-CV-2119-JEC (the "Instant Case")) ("Appellant's Supplemental Response") filed by MARYAM A. MILLER, Appellant herein ("Appellant").

## I.     Statement of Jurisdiction

Appellant fails to make a Statement of Jurisdiction as required by Federal Rule of Bankruptcy Procedure 8010.   Fed. R. Bankr. P. 8010(a)(1)(B). Nevertheless, Appellee states that an appeal of right may be made to the United States District Court from a final judgment or order of the United States Bankruptcy Court.

## II.     Statement of Issues on Appeal

Appellant fails to make a Statement of Issues on Appeal as required by Federal Rule of Bankruptcy Procedure 8010.   Fed. R. Bankr. P. 8010(a)(1)(C). However, Appellee contends that the only issue on appeal is whether the Bankruptcy Court abused its discretion by entering that certain Order Granting Motion for Relief from Stay filed by Wells Fargo Bank, N.A. (Bankr. Docket No. 67) (the "Order Granting Stay Relief") on June 23, 2009, whereby the Bankruptcy Court granted Wells Fargo relief from the automatic stay to proceed with its state law remedies under the subject security deed including but not limited to non-judicial foreclosure.

### III.    Standard of Review

Appellant fails to cite the Standard of Review as required by Federal Rule of Bankruptcy Procedure 8010.  Fed. R. Bankr. P. 8010(a)(1)(C).  Appellee states that the standards of review on appeal are clearly erroneous as to findings of fact and *de novo* as to conclusions of law.  In re Sublett, 895 F.2d 1381 (11th Cir. 1990); Fed. R. Bankr. P. 8013.

### IV.    Statement of Case Supported by Relevant Facts

Appellant has failed to make a Statement of the Case Supported by Relevant Facts including references to the record as required by Federal Rule of Bankruptcy Procedure 8010.  Fed. R. Bankr. P. 8010(a)(1)(D).  As such, Appellee presents the following Statement of the Case Supported by Relevant Facts for the Court's consideration.

On December 7, 2001, Appellant obtained a mortgage loan from Wells Fargo Home Mortgage, Inc. ("Wells Fargo Home Mortgage") in the original principal amount of FIFTY THOUSAND SEVEN HUNDRED FIFTY AND 00/100 DOLLARS ($50,750.00) (the "Loan").  As evidence of the Loan, Appellant executed and delivered to Wells Fargo Home Mortgage that certain Note dated December 7, 2001 (the "Note").  As part of the same transaction, Appellant executed and delivered to Wells Fargo Home Mortgage that certain Security Deed

dated December 7, 2001, recorded December 21, 2001, in Deed Book 31516, Page 591, Fulton County, Georgia Records (the "Security Deed"), thereby conveying the real property, together with improvements thereon, commonly known as 1251 Kipling Street SE, Atlanta, Fulton County, Georgia 30315 (the "Property") as security for the Loan.   Appellee is the current servicer of the Loan and is authorized to receive payment on the Loan.

On September 3, 2007 (the "Petition Date"), Appellant filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, Bankr. Case No. 07-74392-CRM (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court").   On September 26, 2007, Appellee filed its Proof of Claim (the "POC") in the Bankruptcy Case.   As evidenced by the POC, the Loan was NINETEEN THOUSAND FOUR HUNDRED EIGHTY SIX AND 49/100 ($19,486.49) in arrears as of the Petition Date.   On February 10, 2009, due to Appellant's post-petition payment default under the terms of the Note and the Security Deed, Appellee filed its Motion for Relief from the Automatic Stay (Bankr. Docket No. 35) (the "Motion for Relief").   As of the date that the Motion for Relief was filed, the Loan was three (3) payments, plus late charges, in arrears.   The Motion for

Relief was properly served upon Appellant and scheduled for hearing on March 3, 2009.

On February 25, 2009, Nancy J. Whaley, Chapter 13 Trustee (the "Trustee"), filed the Motion to Dismiss Case for Failure to Make Plan Payments (Bankr. Docket No. 37) (the "Motion to Dismiss"), requesting dismissal of the Bankruptcy Case due to Appellant's failure to make her Chapter 13 plan payments. On March 2, 2009, Appellant filed her Motion for Continuance of Hearing (Bankr. Docket No. 38), requesting a reset of the hearing on the Motion for Relief. The hearing on the Motion for Relief was rescheduled for March 24, 2009.

On April 2, 2009, the Trustee filed a Motion to Convert the Bankruptcy Case from one under Chapter 13 to one under Chapter 7 (Bankr. Docket No. 44) (the "Motion to Convert") due to Appellant's failure to make her Chapter 13 plan payments as required and possible equity in the Property. The Motion to Convert was scheduled for hearing on April 28, 2009. For that reason, the Motion for Relief was not heard on March 24, 2009, and was rescheduled for hearing on April 28, 2009.

On April 22, 2009, Appellant filed her Objection to Payment of the Plan's Funds to the Creditor (Bankr. Docket No. 48) (the "Objection to Payment"), arguing that her financial hardship should excuse her failure to make her monthly

- 7 -

mortgage payments timely and fully in accordance with the Note and the Security Deed.  In the Objection to Payment, Appellant further argued that the Appellee's claim should not be paid because her Chapter 13 plan provided that was Appellee's claim was "disputed."  On April 24, 2009, Appellant filed Debtor's First Amended Pleadings with Amended Debtor's Objection to Payment of the Plan's Fund to the Creditors (Bankr. Docket No. 50) (the "Amended Objection to Payment"), claiming that Appellant had "inadvertently" filed a draft version of the Objection to Payment and had omitted exhibits.  The Amended Objection to Payment was substantially similar to the Objection to Payment.

On April 28, 2009, the date of the hearing on the Motion for Relief, Appellant filed Debtor's First Motion to Dismiss with Prejudice Creditor's Motions to Lift Stay in this Court for Good, Legal and Equitable Reasons (Bankr. Docket No. 51) (the "Motion to Dismiss Motion for Relief").  On April 28, 2009, Appellant failed to appear for the hearing on the Motion to Convert and the Bankruptcy Case was converted to one under Chapter 7 of the Bankruptcy Code. (See Bankr. Docket No. 53.)  Because the Bankruptcy Case was converted, the hearing on the Motion for Relief was rescheduled to June 18, 2009, in order to provide the Chapter 7 Trustee with notice of the Motion for Relief.  Appellant was

given notice of the rescheduled hearing on the Motion for Relief. (<u>See</u> Bankr. Docket No. 56.)

On May 15, 2009, Appellant filed her Motion for Reconsideration (Bankr. Docket No. 59) (the "Motion to Reconsider"), asking the Bankruptcy Court to reconsider its order converting the Bankruptcy Case.  The Motion to Reconsider was denied on June 19, 2009.  (<u>See</u> Bankr. Docket No. 64.)

On June 18, 2009, instead of attending the hearing on the Motion for Relief, Appellant filed her Motion for Continuation of the June 18, 2009 Hearing for Good and Equitable Reasons (Bankr. Docket No. 66).  As the hearing on the Motion for Relief had been continued several times over four months, the hearing on the Motion for Relief was held on June 18, 2009, and stay relief was orally granted. On June 23, 2009, the Bankruptcy Court entered the Order Granting Stay Relief. At the time of the Order Granting Stay Relief was entered on June 23, 2009, Appellant was contractually due for the October, 2007 payment and due post-petition for the December, 2008 payment.

On June 29, 2009, Appellant filed her first Notice of Appeal (Bankr. Docket No. 71) (the "First Appeal"), appealing the Order denying the Motion to Reconsider.  On July 2, 2009, Appellant filed her first Notice of Appeal (Bankr. Docket No. 77) (the "Second Appeal"), appealing the Order Granting Stay Relief.

On July 7, 2009, this Court informed Appellant of the Appeal Requirements of the Second Appeal, stating that within ten (10) days of July 2, 2009, Appellant must "file with the Clerk of the United States Bankruptcy Court: (1) A designation of the items to be included in the record on appeal and serve a copy upon the appellee; (2) A statement of the issues to be presented and serve a copy upon the appellee; and (3) A written request for the transcript and deliver a copy to the court reporter IF the record designated includes a transcript of any proceeding or a part thereof."   <u>See</u> Notice to Appellant and Appellee (Bankr. Docket No. 79) (the "Notice to Appellant").   Appellant has failed to comply with the Notice to Appellant.

On August 11, 2009, this Court entered an Order directing Appellant to "file and serve her brief with the Clerk of Court by WEDNESDAY, AUGUST 26, 2009."   <u>See</u> Order Granting In Forma Pauperis (Docket No. 2) (the "Briefing Order").   Appellant failed to comply with the Briefing Order by filing no pleadings in the instant case on or before August 26, 2009.

On August 31, 2009, Appellant filed Appellant's Supplemental Response, stating that Appellant's Motion to Extend had been filed in the wrong case and that she wished to correct the case number and Appellee's name (Docket No. 4).   <u>See</u> Appellant's Supplemental Response at 1.   Appellant's Supplemental Response

argues that (1) Appellant should have been returned funds after the withdraw of her counsel in the Bankruptcy Case; (2) because she is proceeding *pro se*, she should be given fifteen (15) additional days to file Appellant's Brief; (3) funds paid to Appellee in the Bankruptcy Case should be returned; and (4) the stay be reimposed. <u>See</u> Appellant's Supplemental Response at 3.

## V.    <u>Argument and Citation to Authority</u>

This Court should dismiss this Appeal for any one of the following reasons: (1) Appellant has failed to comply with this Court's Notice to Appellant and Federal Rule of Bankruptcy Procedure 8006 in numerous respects; (2) Appellant failed to timely file Appellant's Brief as ordered by this Court; (3) even if this Court were to grant Appellant the additional fifteen (15) days requested to file Appellant's Brief, said fifteen (15) days have already passed and Appellant has failed to file Appellant's Brief; (4) even if this Court were to accept Appellant's Supplemental Response as Appellant's Brief, it does not comply with Federal Rule of Bankruptcy Procedure 8010; (5) Appellant's confirmed Chapter 13 Plan provided for monthly payments to Appellee until Appellee's claim was paid in full (<u>see</u> Bankr. Docket Nos. 24 & 30); and (6) "cause" existed to lift the automatic stay as Appellant was, at the time of the Order Granting Stay Relief, contractually due for the October, 2007 payment and post-petition due for the December, 2008

payment.   For these reasons, Appellee respectfully requests that that this Court dismiss this Appeal.

   A.   THIS COURT SHOULD DISMISS THIS APPEAL BECAUSE APPELLANT HAS FAILED TO COMPLY WITH THIS COURT'S NOTICE TO APPELLANT AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 8006.

As stated above, on July 7, 2009, this Court entered its Notice to Appellant, directing Appellant to comply with the requirements of Federal Rule of Bankruptcy Procedure 8006.   In the Notice to Appellant, this Court stated, in pertinent part, that within ten (10) days of July 2, 2009, Appellant must "file with the Clerk of the United States Bankruptcy Court: (1) A designation of the items to be included in the record on appeal and serve a copy upon the appellee; (2) A statement of the issues to be presented and serve a copy upon the appellee; and (3) A written request for the transcript and deliver a copy to the court reporter IF the record designated includes a transcript of any proceeding or a part thereof." See Notice to Appellant.   Appellant has failed to comply with the Notice to Appellant in direction contravention of this Court's directive and, as such, this Appeal is due to be dismissed.

B.   <u>THIS COURT SHOULD DISMISS THIS APPEAL BECAUSE APPELLANT HAS FAILED TO FILE APPELLANT'S BRIEF IN THE TIME AND IN THE FORMAT REQUIRED BY THIS COURT.</u>

Appellant first argues that she should be given an extension of time to file Appellant's Brief because she is appearing *pro se*.  Appellant did not request an extension of time to file Appellant's Brief before it was due, but instead waited until the day it was due.   Further, Appellant states that she could not file Appellant's Brief in a timely fashion because she was appearing *pro se* due to a lack of resources and that she was caring for ill family members.  These are not valid reasons for obtaining an extension of time to file Appellant's Brief.  <u>See Brown v. McCabe & Pietzsch, P.A.</u>, 180 B.R. 325 (S.D. Ga. 1995).  Appellant knew of her counsel's withdrawal when the Bankruptcy Court approved her counsel's withdraw in April, 2009, three (3) months before this Appeal was filed. If Appellant needed to request an extension of time to file Appellant's Brief, she should have requested more time <u>prior</u> to the deadline for filing Appellant's Brief. <u>See Brown v. McCabe & Pietzsch, P.A.</u>, 180 B.R. 325 (S.D. Ga. 1995). Requesting extensions has been the pattern and practice of Appellant throughout the Bankruptcy Case and both the appeal of the Order Granting Stay Relief and the appeal of the Order Converting Case to Chapter 7.  (<u>See</u> Bankr. Docket Nos. 66, 81

- 13 -

& 83; Docket Nos. 3, 4 & 5, Case No. 1:09-CV-2066; and Docket No. 4).
Appellant clearly had the time to prepare Appellant's Supplemental Response as
well as Appellant's Motion to Extend and Appellant's Second Motion to Extend.
Appellant should have used the time spent preparing those pleadings to prepare
Appellant's Brief in a timely fashion.

Further, even if Appellant's Supplemental Response was considered by this
Court as Appellant's Brief, it was not filed in the format required by Federal Rule
of Bankruptcy Procedure 8010, which provides that one must include a cover page,
table of contents, table of authorities, statement of jurisdiction, statement of issues
and standard of review, statement of the case including references to the record,
argument and citation to authority and conclusion.  See Fed. R. Bankr. P. 8010.
Appellant has failed to include any of these items in Appellant's Supplemental
Response and, as such, if the Court should elect to consider Appellant's
Supplemental Response as Appellant's Brief, the pleading is deficient.  Because
Appellant has failed to timely and properly file Appellant's Brief in this matter,
this Appeal is due to be dismissed.

C.     THIS  COURT  SHOULD  DISMISS  THIS  APPEAL  BECAUSE
APPELLANT'S CONFIRMED CHAPTER 13 PLAN PROVIDED
FOR PAYMENTS TO APPELLEE.

In Appellant's Supplemental Response, Appellant argues that she is entitled to a refund of the monies paid to Appellee by the Trustee "as it was a disputed amount on the bankruptcy be returned [...]"   See Appellant's Supplemental Response at 6.   This is a blatant misrepresentation to this Court by Appellant. Appellant's confirmed Chapter 13 Plan, which is signed by Appellant under penalty of perjury, clearly states that "Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full." See Chapter 13 Plan at 6.   Appellant's Chapter 13 Plan further states that the amount to be paid to Appellee is $259.00 per month until March, 2008, when payments were to increase to $509.00 per month. See Chapter 13 Plan at 8.   Said payments were to increase again in February, 2010, to $862.00 per month. See Chapter 13 Plan at 8. Appellee filed the POC and Appellant did not file an objection thereto or receive an Order from the Bankruptcy Court disallowing the POC.   Therefore, any distributions made by the Trustee were authorized by the Court and consented to by Appellant.

Further, the Chapter 13 Plan stated that "Debtor [*i.e.*, Appellant] will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due." See Chapter 13 Plan at 6.   Appellant failed to make her post-petition mortgage payments directly to Appellee after the filing of

the Bankruptcy Case and, as such, Appellee was entitled to relief from the automatic stay.  Because Appellant attempts to appeal an act that she herself, as well as the Bankruptcy Court, authorized (via the confirmed Chapter 13 Plan), this Appeal is due to be dismissed.

D.    <u>THIS COURT SHOULD DISMISS THIS APPEAL BECAUSE "CAUSE" EXISTED FOR THE BANKRUPTCY COURT TO LIFT THE AUTOMATIC STAY.</u>

Finally, Appellant argues in Appellant's Supplemental Response that Appellee was not entitled to relief from the automatic stay and that any attempts by Appellee to foreclose upon the Property should be enjoined until a "thorough investigation of Wells Fargo Bank, N.A. and their attorneys illegal and unethical actions toward this appellant and other FHA homeowners in the United States of America has been conducted."  <u>See</u> Appellant's Supplemental Response at 6. What Appellant fails to acknowledge is that she was in default contractually and post-petition in the repayment of the Loan.  Appellant failed to appear for any of the hearings scheduled on the Motion for Relief.  She requested a continuance of the hearing scheduled for June 18, 2009, but the hearing on the Motion for Relief had already been continued several times over three (3) months from the original

hearing date thereby providing Appellant ample time to offer a defense to Wells Fargo's request for stay relief.

The Bankruptcy Court was correct in exercising its discretion to determine that "cause" for lifting the automatic stay existed.  11 U.S.C. § 362(d) states in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest; **(2)** with respect to a stay of an act against property under subsection (a) of this section, if— **(A)** the debtor does not have an equity in such property; and **(B)** such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

In the instant case, "cause" existed under 11 U.S.C. § 362(d)(1) to lift the automatic stay because Appellee was not adequately protected.  Such "cause" included Appellant's continued default under the terms of the Note, the Security Deed, and the Chapter 13 Plan.  When Appellant filed the Bankruptcy Case, she was already well over $19,000.00 in default on the Loan.  The Bankruptcy Case was a second chance for Appellant to repay those arrears through her confirmed Chapter 13 Plan while making her post-petition payments on the Loan directly to

Appellee.   However, after filing the Bankruptcy Case, Appellant continued to default on the Loan.   Appellant not only failed to make her Chapter 13 Plan payments, but she also failed to make her post-petition mortgage payments.  At the time of the filing of the Order Granting Stay Relief, Appellant was contractually due for the October, 2007 payment and post-petition due for the December, 2008 payment.

"Cause" to lift the automatic stay also existed because Appellee was not adequately protected due to a lack of equity in the Property.  The Trustee moved to convert the Bankruptcy Case because she believed that their may be equity in the Property which could be liquidated for the benefit of the estate.  However, after the Bankruptcy Case was converted, and the Chapter 7 Trustee did not oppose the lifting of the automatic stay because there was not sufficient equity in the Property. Without equity in the Property, or monthly mortgage payments or plan payments being made, Appellee could not be adequately protected.

Lastly, at the time of the Order Granting Stay Relief, the Bankruptcy Case had been converted to one under Chapter 7.  Chapter 7 of the Bankruptcy Code, by its nature, is a liquidation, not reorganization plan.  The purpose of a Chapter 7 is to discharge debt and give a debtor a "fresh start," not to reorganize existing debts. As such, the Property is not necessary to the reorganization of Appellant.  Because

the Property is not necessary to Appellant's reorganization, "cause" existed to lift the automatic stay.

Appellant attaches to Appellant's Supplemental Response a decision of the Maryland Court of Appeals which states that a borrower facing foreclosure in Maryland may assert a lender's failure to comply with the mortgage servicing regulations promulgated by the U.S. Department of Housing and Urban Development ("HUD") as a shield against unauthorized foreclosure actions (the "Neal Decision"). This decision is not controlling in the instant case.

First of all, the Neal Decision itself states that the HUD loss mitigation regulations "do not control directly the relationship between the mortgagor and mortgagee and may not be invoked by the mortgagor as sword in an offensive cause of action against the mortgagee." <u>See</u> Neal Decision at 11. The Neal Decision merely states that a borrower whose property is in foreclosure may raise the violation of the HUD loss mitigation regulations in support of a request for an injunction as a defense to a foreclosure action. <u>See</u> Neal Decision at 14. The Neal Decision further states that the borrower asserting the violation as a defense bears the burden of proving such a violation. <u>See</u> Neal Decision.

The instant case is Appellant's appeal of an Order Granting Stay Relief – not a request for injunction in defense to a foreclosure action. As such, the Neal

Decision is not applicable to this Appeal.  Further, in any event, a decision of the Maryland Court of Appeals speaking to Maryland foreclosure law is not controlling authority upon this Court.  Lastly, even if the Neal Decision was controlling, which it is not, Appellant has not met the burden of proving any HUD regulations were violated.  The fact that Appellant did not qualify for certain loss mitigation options, or was not happy with any loss mitigation options offered to her, does not establish that any HUD regulations were violated or that Appellant is entitled to the protections of the automatic stay.

## VI.    Conclusion

The instant case is an appeal of an Order Granting Stay Relief in the Bankruptcy Court.  The Bankruptcy Court correctly exercised its discretion in signing and entering the Order Granting Stay Relief and did not abuse its discretion in doing so.  The Appeal should be dismissed because (1) Appellant failed to comply with this Court's Notice to Appellant and Federal Rule of Bankruptcy Procedure 8006 in numerous respects; (2) Appellant failed to timely file Appellant's Brief as ordered by this Court; (3) even if this Court were to grant Appellant the additional fifteen (15) days requested to file Appellant's Brief, said fifteen (15) days have already passed and Appellant has failed to file Appellant's Brief; (4) even if this Court were to accept Appellant's Supplemental Response as

Appellant's Brief, it does not comply with Federal Rule of Bankruptcy Procedure 8010; (5) Appellant's confirmed Chapter 13 Plan provided for monthly payments to Appellee until Appellee's claim was paid in full; and (6) most importantly, "cause" existed to lift the automatic stay as Appellee was not adequately protected because Appellant was, at the time of the Order Granting Stay Relief, (a) seriously in default of the Note, the Security Deed, and the Chapter 13 Plan; (b) the Property did not have sufficient equity; and (c) the Property was not necessary for Appellant's reorganization.  For these reasons, Appellee respectfully requests that that this Court dismiss this Appeal.

RESPECTFULLY SUBMITTED, this 10th day of September, 2009.

**MCCALLA RAYMER, LLC**

/s/ Elizabeth A. George
Marissa G. Connors
Georgia Bar No. 185692
Kent E. Altom
Georgia Bar No. 014054
Elizabeth A. George
Georgia Bar No. 290365
Attorneys for Appellee,
Wells Fargo Bank, N.A.

Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
(678) 281-6475 (phone)
(866) 800-8734 (fax)
lzg@mccallaraymer.com (email)

## <u>CERTIFICATION OF TYPE SIZE AND STYLE</u>

The foregoing document is printed in 14-point Time New Roman font, in

compliance with LR 5.1 B.

This 10th day of September, 2009.

<u>/s/</u> Elizabeth A. George
Elizabeth A. George
Georgia Bar No. 290365
Attorney for Appellee,
Wells Fargo Bank, N.A.

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 3200
Atlanta, GA  30328
(678) 281-6475 (phone)
(866) 800-8734 (fax)
lzg@mccallaraymer.com (email)

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel for Defendants, do hereby certify that I have this day electronically filed the within and foregoing BRIEF OF APPELLEE WELLS FARGO BANK, N.A. in the above-captioned civil action with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record in this matter, and, further, that I have served Appellant Maryam A. Miller, appearing *pro se* in this matter, with a copy of this pleading by placing a true and correct copy of same in the United States Mail, with prepaid first-class postage affixed thereto, properly addressed as follows:

> Maryam A. Miller, Appellant *pro se*
> P.O. Box 170473
> Atlanta, Georgia 30317

This 10th day of September, 2009.

> /s/ Elizabeth A. George
> Elizabeth A. George
> Georgia Bar No. 290365
> Attorney for Appellee,
> Wells Fargo Bank, N.A.

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
(678) 281-6475 (phone)
(866) 800-8734 (fax)
lzg@mccallaraymer.com (email)